UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GEORGE GROSSBERGER,                          Docket No:

                           Plaintiff

-against-                                    **COMPLAINT AND DEMAND**
                                                  **FOR TRIAL BY JURY**

FIDELITY CAPITAL HOLDINGS, INC., dba
FIDELITY CREDITOR SERVICES, aka
FIDELITY INFORMATION CORPORATION,
                              Defendant
-----------------------------------------------------------------x

Plaintiff, George Grossberger ("Plaintiff"), by and through the undersigned counsel, as and for his Complaint against the Defendant, FIDELITY CAPITAL HOLDINGS, INC., dba FIDELITY CREDITOR SERVICES, aka FIDELITY INFORMATION CORPORATION (hereinafter referred to as Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff, George Grossberger, is an individual who is a citizen of the State of New York, residing in Rockland County, New York.

3. Defendant, Fidelity Capital Holdings, Inc., is a corporation existing pursuant to the laws of the State of California, is authorized to do business as a foreign corporation in the State of New York and maintains a principle place of business located at 441 N. Varney Street, Floor 2, Burbank, CA.

1

4.  Defendant, Fidelity Capital Holdings, Inc. is also known as, and does business under the name Fidelity Creditor Services.

5.  Defendant, Fidelity Capital Holdings, Inc. is also known as, and does business under the name Fidelity Information Corporation.

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692a(3).

7.  Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

8.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATION

10. Defendant alleges Plainitff owes a debt.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. In its efforts to collect the debt. Defendant contacted Plaintiff by letter ("the letter") dated January 10, 2017. ("**Exhibit 1.**")

13. The letter was the initial communication that Plaintiff received from defendant.

14. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)

2

15. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

16. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

17. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

18. There is no requirement that the consumer dispute the debt in writing.

19. It is a violation of FDCPA to require disputes be made in writing.

20. It is a violation of the FDCPA to include language in the letter that overshadows or contradicts the required 15 U.S.C. § 1692g(3) statement.

21. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows or contradicts the required § 1692g(a)(3) statement.

22. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his or her dispute must be in writing.

23. The letter states "To contact the collection agency directly, please *write* to: Fidelity Information Corporation, PO Box 3963, Glendale, CA 91221" (emphasis added).

24. The letter also includes a telephone number.

25. The language concerning writing to the debt collector overshadows and contradicts the required 15 U.S.C. § 1692g(3) statement.

26. The language concerning writing to the debt collector when examined from the prospective of the least sophisticated consumer, overshadows and contradicts the required 15 U.S.C. § 1692g(3) statement.

27. The letter violates 15 U.S.C. § 1692g(3).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

28. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

29. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. While 15 U.S.C. § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

31. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

32. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. Because the letter was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

34. The least sophisticated consumer would likely be deceived by Defendants' conduct.

35. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

4

36. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

37. The letter violates 15 U.S.C. § 1692e.

### THIRD COUNT
**Violation of 15 U.S.C. § 1692g(a)(5)**

38. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

39. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

40. 15 U.S.C. § 1692g(5) requires the notice to include a statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. It is a violation of the FDCPA to include language in the letter that overshadows or contradicts the required 15 U.S.C. § 1692g(5) statement.

42. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows or contradicts the required § 1692g(a)(5) statement.

43. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his or her dispute must be in writing.

5

44. The letter states "In addition, if you wish to know the name and address of the original creditor, if different from the current creditor, this information can be provided to you."

45. The language concerning writing to the debt collector overshadows and contradicts the required 15 U.S.C. § 1692g(5) statement.

46. The language concerning writing to the debt collector when examined from the prospective of the least sophisticated consumer, overshadows and contradicts the required 15 U.S.C. § 1692g(5) statement.

47.  The letter violates 15 U.S.C. § 1692g(5).

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692e

48. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

49. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. While 15 U.S.C. § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

51. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

52. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

53. Because the letter was reasonably susceptible to an inaccurate reading concerning how a Plaintiff can request the name and address of the original creditor if different from the current creditor, it is deceptive within the meaning of the FDCPA.

54. Because the letter was reasonably susceptible to an inaccurate reading concerning how much time a Plaintiff has to request the name and address of the original creditor if different from the current creditor, it is deceptive within the meaning of the FDCPA

55. The least sophisticated consumer would likely be deceived by Defendants' conduct.

56. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

57. The least sophisticated consumer would be unsure as to how much time the he or she has to request to be provided with the name address of the original creditor.

58. The letter violates 15 U.S.C. § 1692e.


**FIFTH COUNT**
**Violation of 15 U.S.C. § 1692e**

59. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

60. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

61. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

62. The question of whether a written notice adequately provides "the amount of the debt" is determined from the perspective of the "least sophisticated consumer."

63. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

64. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately and without ambiguity from the perspective of the least sophisticated consumer.

65. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount she owes at the time of the notice.

66. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what she will need to pay to resolve the debt at any given moment in the future.

67. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

68. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt," violative of 15 U.S.C. § 1692g(a)(1).

69. Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. § 1692g(a)(1) if the least sophisticated consumer could inaccurately interpret the message.

70. At all relevant times herein, the alleged Debt accrued, and was subject to, interest.

71. At all relevant times herein, the alleged Debt accrued, and was subject to, late fees.

72. The letter sets forth an amount due.

73. The letter fails to state what part of the amount stated is principal.

74. The letter fails to state what part of the amount stated is interest.

75. The letter fails to state what part of the amount stated is late fees.

76. The letter fails to disclose whether the amount stated may increase due to additional interest.

77. The letter fails to disclose whether the amount stated may increase due to additional late fees.

78. The letter fails to indicate whether payment of the amount stated would satisfy the debt.

79. The letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

80. The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter.

81. The letter fails to provide any information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

82. The letter fails to include any "safe harbor" language concerning the accrual of interest.

83. The letter fails to include any "safe harbor" language concerning the accrual of late fees.

84. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the letter.

85. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

86. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

87. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

9

88. The least sophisticated consumer, because of the aforementioned failures, could reasonably believe that the debt could be satisfied by remitting the amount stated at any time after receipt of the letter.

89. The least sophisticated consumer, because of the aforementioned failures, could also reasonably believe that the amount stated was accurate only on the date of the letter because of the continued accumulation of interest.

90. The least sophisticated consumer, because of the aforementioned failures, could also reasonably believe that the amount stated was accurate only on the date of the letter because of the continued accumulation of late fees.

91. If interest and late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate or amount of late fees.

92. If interest and late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the date of accrual of interest or late fees.

93. If interest and late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to provide the amount of interest or late fees during any measurable period.

94. If interest and late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

95. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

96. The failure to include the foregoing information renders the letter's statement of the amount of the debt, even if otherwise accurate, incomplete and insufficient.

97. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

98. For these reasons, Defendant violated 15 U.S.C. § 1692g(a)(1).

**SIXTH COUNT**
**Violation of 15 U.S.C. § 1692e**

99. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

100.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

101.    While 15 U.S.C. § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

102. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

103. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

104. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

105. The amount of the debt is a material piece of information to a consumer.

11

106.  Knowing the amount of the debt affects how a consumer responds to a debt collector's attempts to collect the debt.

107.  As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the amount stated was static.

108.  As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the amount stated was dynamic due to the continued accumulation of interest and/or late fees.

109.  Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

110.  Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

111.  For these reasons, Defendant violated 15 U.S.C. § 1692e


## **DEMAND FOR TRIAL BY JURY**

112.  Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For damages provided and pursuant to 15 USC §1692k; and

C. For attorneys' fees and costs provided and pursuant to 15 USC §1692k; and

D. A declaration that the Defendant's practices violated the FDCPA; and

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Spring Valley, New York
        August 7, 2017

                         Respectfully submitted,

                         By:    /s/ Jacob P. Rothschild
                                JACOB P. ROTHSCHILD, ESQ.
                                Rothschild Law Firm LLC
                                747 Chestnut Ridge Road
                                Suite 200
                                Spring Valley, New York 10977
                                Tel: (845) 288-2817
                                jacob@rothschildlaw.net

                                HASKELL ROSENFELD, ESQ.
                                Rosenfeld Law Group, LLC
                                2 Perlman Drive
                                Suite 310
                                Spring Valley, NY 10977
                                Tel: (845) 512-6700
                                haskell@rosengeldlg.com

                                *Attorneys for Plaintiff*